# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY WAYNE LAMBERT, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV-18-755-G |
| JASON BRYANT, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Timothy Wayne Lambert, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. *See* Pet. (Doc. No. 1). Having carefully reviewed the Petition, the Court finds that it should be dismissed.

## SCREENING REQUIREMENT

The Court is required to review all habeas petitions and to order dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. The Rule allows the district court to sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

PROCEDURAL BACKGROUND

In 1991,[1] Petitioner was tried and convicted of lewd molestation and sentenced to four 400-year sentences, to be served consecutively. Pet. at 2. Petitioner is currently serving his sentences at the James Crabtree Correctional Center in Helena, Oklahoma. *See id.* at 1.

Petitioner appealed his convictions, which were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on September 28, 1994.[2] *See Lambert v. State*, No. F-1992-493 (Okla. Crim. App.).[3]

Petitioner later filed an application for postconviction relief with the District Court of Kay County, Oklahoma. *See* Pet. at 3. The district court denied relief on November 7, 1996. *Id.* Petitioner filed an appeal of this disposition with the OCCA, which declined jurisdiction on February 25, 1997. *See Lambert v. Evans*, No. PC-1997-187 (Okla. Crim. App.).

---

[1] Petitioner lists "August 1991" as his date of judgment of conviction. Pet. at 2. The relevant OSCN dockets indicates that Petitioner's jury trial did not take place until November 22, 1991. *See State v. Lambert*, No. CRF-1991-111 (Kay Cty. Dist. Ct.); *State v. Lambert*, No. CRF-1991-131 (Kay Cty. Dist. Ct.). Dockets publicly available through *http://www.oscn.net*.

[2] Petitioner erroneously states that the OCCA affirmed his convictions on May 25, 1993. *See* Pet. at 3.

[3] Docket publicly available through *http://www.oscn.net*.

In October 2017, Petitioner filed a second application for postconviction relief with the District Court of Kay County, Oklahoma, which denied relief on May 7, 2018. *See* Pet. at 4. Petitioner appealed this disposition to the OCCA, which affirmed on July 25, 2018.[4]

Petitioner then filed the instant habeas action on August 6, 2018, raising three propositions of error. *See id.* at 6-15, 18.

ANALYSIS

*I. The Applicable Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners challenging the validity of their conviction or sentence. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A) unless the petitioner alleges facts that implicate

---

[4] *See Lambert v. State*, Nos. PC-2018-238 & PC-2018-505 (Okla. Crim. App.). Dockets publicly available through *http://www.oscn.net*.

§ 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). As the Petition most reasonably reflects that § 2244(d)(1)(A) alone is applicable, the Court will assess its timeliness under that provision.

Where, as here, a petitioner's state-court conviction became final before the AEDPA took effect, the one-year limitations period under § 2244(d)(1)(A) "began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997." *Wood v. Milyard*, 566 U.S. 463, 469 (2012).

II. *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *accord Wood*, 566 U.S. at 468-69. To take advantage of this statutory tolling provision, a state prisoner must "properly file[]" the application in state court before his or her one-year limitations period under § 2244(d)(1) expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

It is unclear in this case when Petitioner filed his first application for postconviction relief in the state district court. Assuming that Petitioner is entitled to statutory tolling for this application, the limitations period was tolled from April 24, 1996 (the date that Petitioner's AEDPA deadline would have begun to run) until February 25, 1997 (the date on which the OCCA declined jurisdiction over Petitioner's postconviction appeal).

4

Petitioner's one-year deadline began to run the next day, however, and the limitations period for filing the instant Petition expired on or about February 26, 1998.

Petitioner is not entitled to statutory tolling with respect to his second application for postconviction relief, as that application was filed after expiration of the one-year statutory limitations period on February 26, 1998. *See Clark*, 468 F.3d at 714.

### III. Equitable Tolling

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Id.* To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *Id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

The Petition suggests no extraordinary circumstance that prevented Petitioner's timely pursuit of federal habeas corpus relief. Thus, Petitioner has not shown that he is entitled to equitable tolling. *See Clark*, 468 F.3d at 714.

### IV. Actual Innocence Exception

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013). Successful actual innocence claims are rare due

5

to the demanding evidentiary requirements for such claims. *See id.* at 383, 392, 401; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner does not allege that he is factually innocent of the crime for which he was convicted. Petitioner's arguments—all of which relate to the alleged excessiveness of his sentences, *see* Pet. at 6-15—do not equate to a claim of factual innocence, and Petitioner presents no evidence of actual innocence to the Court. *See Schlup*, 513 U.S. at 327-29. Petitioner's claims, even liberally construed, do not invoke the actual innocence equitable exception and do not permit continued consideration of his Petition by this Court. *See McQuiggin*, 569 U.S. at 386; *Bousley*, 523 U.S. at 623.

V.   *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

## CONCLUSION

It is therefore ORDERED that the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice. It is further ORDERED that a certificate of appealability is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 24th day of June, 2019.

_____
CHARLES B. GOODWIN
United States District Judge