# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY WAYNE LAMBERT, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-18-755-G |
| | ) |
| RICK WHITTEN, Warden, | ) |
| | ) |
|     Respondent.[1] | ) |

## ORDER

Now before the Court is Petitioner's Motion for Reconsideration En Banc Pursuant to Rule 60(b) (Doc. No. 9). On June 24, 2019, this Court issued its Opinion and Order (Doc. No. 7) sua sponte dismissing Plaintiff's Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) as untimely.

### BACKGROUND

The procedural history of Petitioner's state-court convictions, appeals, and applications for postconviction relief is set forth in the Court's Opinion and Order and will not be repeated here.[2] The Court determined that the Petition, filed on August 6, 2018, was untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

---

[1] Rick Whitten, the current Warden at James Crabtree Correctional Center, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Plaintiff does not challenge the procedural history set forth in the Court's Opinion and Order.

("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), as even allowing for statutory tolling it had been filed more than one year after Petitioner's conviction became final and he had made no showing of entitlement to equitable tolling or of actual innocence. *See* Op. & Order at 4-6.

Petitioner filed his Motion for Reconsideration on July 8, 2019, asserting that the Court erred in calculating the timeliness of his Petition. *See* Pet'r's Mot. at 2. Petitioner argues the one-year statute of limitation should be calculated pursuant to 28 U.S.C. § 2244(d)(1)(D). *See id.* Petitioner states the Petition was based upon the State of Oklahoma's miscalculation of his future dangerousness and that the factual predicate of this claim was "developed" "after trial, upon assessment made by the parole investigator in 2014 and 2017."[3] *Id.* at 1-2; *see also* Pet. at 7. Petitioner contends that he "immediate[ly]" filed "an application for post-conviction relief" raising this predicate fact in October 2017. Pet'r's Mot. at 2.

STANDARD OF DECISION

The Federal Rules of Civil Procedure do not recognize a motion to reconsider. *Computerized Thermal Imaging, Inc., v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Federal Rule of Civil Procedure 60(b) provides, however, that a court may

---

[3] Although Petitioner references both 2014 and 2017 parole-investigator assessments in his Motion, the Petition mentions only a 2014 assessment and cites an unattached 2012 Investigative Report. Pet. at 4. In addition, Petitioner makes no distinction between the findings of the 2014 and 2017 assessments in his Motion. Therefore, the Court will consider the 2014 assessment addressed in the pleading for purposes of Petitioner's Motion and calculation of the AEDPA statute of limitations.

2

relieve a party, upon motion, from a final judgment for mistake, inadvertence, surprise, excusable neglect, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted).

Generally, a Rule 60(b) motion filed in a habeas proceeding is treated as "a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). If the motion challenges "only the federal habeas court's ruling on procedural issues [it] should be treated as a true 60(b) motion rather than a successive petition." *Id.* at 1216. Here, Petitioner challenges a procedural determination and, thus, the Motion is treated as a true Rule 60(b) motion. *See id.* (stating that a Rule 60(b) motion "asserting that the federal district court incorrectly dismissed a petition . . . because of the statute of limitations constitutes a true 60(b) motion").

## DISCUSSION

Liberally construing the Motion, Petitioner asserts that the Court has misapprehended the facts upon which the Petition is based and, as a result, mistakenly

3

calculated the one-year statute of limitations from the date on which his conviction became final pursuant to 28 U.S.C. 2244(d)(1)(A). *See* Fed. R. Civ. P. 60(b)(1) (allowing relief based on "mistake, inadvertence, surprise, or excusable neglect"). Petitioner argues the Court should have calculated the statute of limitations from "'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" Pet'r's Mot. at 2 (quoting 28 U.S.C. § 2244(d)(1)(D)). Specifically, Petitioner contends that the 2014 Pardon and Parole Board's investigation discussed in the Petition constitutes new evidence of the State of Oklahoma's miscalculation of his future dangerousness and, therefore, the statute of limitations period is most appropriately calculated pursuant to § 2244(d)(1)(D). *See id.* at 1-2. Petitioner points to the assessed level of risk to the community attributed to him in this investigation.[4] *See id.*; *see also* Pet. at 6.

The Petition states that during his incarceration Petitioner completed "SAMSHA Anger Management and Victim Impact" programs and is currently enrolled in "the GED program and Therapeutic Living Program" and that "[u]pon completion of these programs and development, Petitioner has been assessed by the Pardon and Parole Board investigation in 2014 as MODERATE RISK for return to the community."[5] Pet. at 6. Petitioner argues this new level of assessed risk constitutes "evidence of material facts, not

---

[4] Petitioner presents no specific date for the alleged 2014 assessment; nor does he attach the specified assessment as an exhibit to his Petition or Motion.

[5] Although Petitioner states that the investigation was conducted in 2014, he cites to an Investigative Report prepared in 2012. *See* Pet. at 6.

4

previously presented and heard, that requires modification of the sentence in the interest of justice." Pet. at 6; *see also id.* at 7; Okla. Stat. tit. 22, § 1080(d).[6]

The Court concludes that the referenced investigation and risk assessment fail to speak to facts present at the time of Petitioner's convictions indicating a miscalculation by the trial court. Instead, the 2014 investigation and risk assessment establish only that Petitioner completed various programs during his incarceration and that the completion of those programs resulted in the Pardon and Parole Board assigning him a level of moderate risk for return to the community. Pet. at 6. Petitioner's implication that good behavior and completion of beneficial programs over the course of 23 years of incarceration should trigger the statute of limitations to begin to run on the unspecified date of a 2014 Pardon and Parole Board investigation is without merit. Petitioner sets forth no legal basis for such a finding in his Petition or in his Motion. Further, "the undersigned is unaware of any legal authority permitting a court to essentially usurp one role of a state's pardon and parole board by granting a petitioner a new statute of limitations based on his or her good behavior while incarcerated." *Lowery v. Bryant*, CIV-18-413-F, 2018 WL 3978380, at *2 (W.D. Okla. July 9, 2018) (R. & R.), *adopted*, 2018 WL 3978370 (W.D. Okla. Aug. 20, 2018), *certificate of appealability denied*, 760 F. App'x 617 (10th Cir. 2019), *and petition for cert.*

---

[6] To the extent this habeas claim is premised upon an error of state law resulting in deficient postconviction proceedings, Petitioner would not be entitled to federal habeas relief even assuming his Petition was timely filed. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

5

*filed*, No. 18-9524 (U.S. June 3, 2019). Therefore, Petitioner has not shown that his limitations period was triggered by newly discovered evidence of predicate facts invoking calculation of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D).

The Court also finds that even if it were to conclude that the 2014 assessment demonstrated a newly discovered predicate fact to support Petitioner's claim, the Petition would remain untimely. Petitioner raised this issue for the first time in his October 2017 application for postconviction relief, more than one year after any 2014 event. Pet. at 7. Statutory tolling would not extend the one-year limitations period calculated from the 2014 assessment. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). And Petitioner has presented no actual-innocence argument or facts tending to "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim" that would entitle him to equitable tolling. *Id.*; *see also* Op. & Order at 5-6. Accordingly, Petitioner's Petition is untimely if calculated from the 2014 assessment pursuant to 28 U.S.C. § 2244(d)(1)(D).

CONCLUSION

For the reasons set forth above, Petitioner's Motion for Reconsideration (Doc. No. 9) is hereby DENIED.

The Clerk of Court is directed to serve copies of the Petition and of this Order on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

6

IT IS SO ORDERED this 30th day of September, 2019.

CHARLES B. GOODWIN  
United States District Judge